# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2797

_____

| | | |
|---|---|---|
| Arthur Doolittle, | * | |
| | * | |
| Appellant, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Kenneth S. Apfel, Commissioner, | * | |
| Social Security Administration, | * | |
| | * | |
| Appellee. | * | |

_____

Submitted:  March 16, 2001

Filed:  May 14, 2001

_____

Before HANSEN and HEANEY, Circuit Judges, and FENNER[1], District Judge.

_____

HEANEY, Circuit Judge.

Arthur Doolittle, a 45 year-old male with a college education and past relevant work experience as an automobile salesperson and plant maintenance engineer, applied for Social Security disability and supplemental security benefits claiming disability as a result of an ankle fracture and decreased visual acuity.  After his claim was rejected

_____

[1]The Honorable Gary A. Fenner, United States District Judge, for the Western District of Missouri, sitting by designation.

by an Administrative Law Judge (ALJ), Doolittle sought review in the district court. The district court granted the Commissioner's motion for summary judgment, holding that the ALJ's decision was supported by substantial evidence on the record as a whole. We reverse and remand to the district court with directions to remand to the Commissioner to take the testimony of a vocational expert and to make a new disability determination.

It is agreed that Doolittle has a severe impairment, and that he cannot return to his past relevant work. It is further agreed that the burden of proof therefore shifts to the Commissioner to establish that there are substantial numbers of jobs existing in the national economy that the claimant can perform in light of his multiple disabilities.

The point of disagreement concerns the ALJ's findings that Doolittle retains the residual functional capacity to perform light work, and that there are substantial numbers of jobs in the national economy that he can perform given his abilities and limitations. In arriving at this finding, the ALJ did not consult a vocational expert, but instead relied on the Medical Vocational Guidelines.

There can be no doubt that Doolittle suffers from a nonexertional impairment, the loss of visual acuity in his left eye due to an injury--his best corrected visual acuity in that eye is 20/400. Given this nonexertional impairment, it was incumbent on the ALJ to call a vocational expert to determine whether there are jobs in the national economy which the claimant can perform, and if so, the extent to which that base may be diminished for persons with such an impairment. Nesselrotte v. Sullivan, 939 F.2d 596, 598 (8th Cir. 1991); Buck v. Bowen, 885 F.2d 451, 454 (8th Cir. 1989). As the Third Circuit noted in Sykes v. Apfel, 228 F.3d 259 (3d Cir. 2000),

> [Heckler v. Campbell, 461 U.S. 458, 467-68 (1983)] permits the government to establish through a rulemaking rather than an individualized fact-finding the fact that there are jobs in the economy for

claimants with particular types of impairments. But it does not permit the government to avoid its burden to establish this fact. To hold otherwise would be to eviscerate the requirement that disability hearings will be individualized determinations based on evidence adduced at a hearing.

<u>Sykes</u>, 238 F.3d at 274 (citation omitted).

We are also troubled by the ALJ's conclusion that Doolittle is able to perform light work. The ALJ's finding is apparently based on the opinion of Dr. Bryant, who performed a consultative eye examination and stated that he could not explain Doolittle's loss of visual acuity. This testimony does not suggest that Doolittle's visual problem was less than genuine; it would be error to interpret it thus.

For the reasons stated, we remand to the district court with directions to remand to the Commissioner to take the required vocational testimony and then revisit whether Doolittle is entitled to disability benefits in the light of that testimony and other evidence in the record as a whole.

A true copy.

Attest:

CLERK, U. S. COURT OF APPEALS, EIGHTH CIRCUIT.